UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| COTTRELL BROADNAX,<br><br>    Plaintiff,<br><br>    v.<br><br>STATE CONTROLLER'S OFFICE (CA), et al.,<br><br>    Defendants. | Case No. 25-cv-01321-PHK<br><br>**ORDER OF TRANSFER** |

**INTRODUCTION**

Plaintiff, an inmate housed at Kern Valley State Prison ("KVSP"), has filed a *pro se* civil rights action pursuant to 42 U.S.C. § 1983. He has named as defendants the State Controller's Office (CA), the California Department of Corrections and Rehabilitation, the Office of Appeals, the Office of Grievances, and KVSP Trust Account Office. The complaint is handwritten and vague, but Plaintiff appears to be challenging the withdrawal of funds from his trust account to pay filing fees for cases that he has filed in the United District Court for the Eastern District of California, as well as withdrawal of funds to pay for postage or mailing fees. [Dkt. 5]. For the reasons set forth below, the Court **ORDERS** that this action be transferred to the Eastern District of California.

**DISCUSSION**

Venue is generally proper in a judicial district in which: (1) any defendant resides, if all defendants are residents of the state in which the district is located; (2) a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the

subject of the action is situated; or (3) any defendant is subject to the court's personal jurisdiction, if there is no district in which the action may otherwise be brought. 28 U.S.C. § 1391(b). The events or omissions giving rise to Plaintiff's claim(s) occurred at Kern Valley State Prison, which is located in Delano, California. [Dkt. 5 at 1]. The Court has the authority to take Judicial Notice of certain facts under the proper circumstances. *See* Fed. R. Evid. 201(b)(2) ("The court may judicially notice a fact that is not subject to reasonable dispute because it . . . can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned."). The Court takes judicial notice that Delano, California is a city within Kern County, California. *See* https://www.cityofdelano.org/105/Police-Department ("The city of Delano is the northernmost city in the County of Kern.").

The Complaint does not allege that any of the named defendants reside in this judicial district. As noted, the Court has the authority to take Judicial Notice of facts which are not subject to reasonable dispute because they can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned. *See* Fed. R. Evid. 201(b)(2). The Court takes judicial notice of the following geographic facts which are not subject to reasonable dispute and are readily determined from sources (government websites) whose accuracy cannot reasonably be questioned:

Two named defendants, the Office of Grievances and KVSP Trust Accounting Office, are entities located at Kern Valley State Prison, in Kern County. *See* Dkt. 5.

The remaining defendants are entities located in Sacramento, California. The Executive Office of the State Controller's Office (CA) is located in Sacramento, California. *See* https://www.sco.ca.gov/sco_divisions.html. The headquarters for the California Department of Corrections and Rehabilitation is also located in Sacramento, California. *See* https://www.cdcr.ca.gov/opec-who-we-are/ ("CDCR headquarters in Sacramento"). The CDCR Office of Appeals is also located in Sacramento, California. *See* https://www.cdcr.ca.gov/about-cdcr/ooa/ ("Contact Us" lists Sacramento address). Sacramento is the capital of California and is located in Sacramento County. *See* https://www.saccounty.gov/Government/Pages/CitieswithintheCounty.aspx.

2

Kern County and Sacramento County both lie within the geographic boundaries of the United States District Court for the Eastern District of California. *See* 28 U.S.C. § 84(b). The Plaintiff and all Defendants are located in the Eastern District of California. All the events giving rise to this lawsuit occurred at Kern Valley State Prison, in the Eastern District of California. Accordingly, venue for this action properly lies in the Eastern District of California.

Plaintiff has consented to Magistrate Judge jurisdiction in this matter. [Dkt. 6]. However, because no Defendants have yet been served or appeared, no Defendants have had an opportunity to consent or decline Magistrate Judge jurisdiction. Nevertheless, a transfer of this action for lack of venue is non-dispositive and therefore within a Magistrate Judge's authority to order.

In an analogous procedural context, the Ninth Circuit held that a ruling that does "not dispose of any claims or defenses and [does] not effectively deny [the plaintiff] any ultimate relief sought" is non-dispositive and properly within a Magistrate Judge's authority to order pursuant to 28 U.S.C. § 636(b)(1)(A). *See S.E.C. v. CMKM Diamonds, Inc*., 729 F.3d 1248, 1260 (9th Cir. 2013) (motion to stay).

Here, as in *CMKM Diamonds*, a transfer of venue does not address the merits of the Parties' claims, dispose of any claims or defenses, or foreclose any relief sought; nor does a transfer of venue terminate the case within the federal court system. Instead, a transfer order simply results in the action being transferred to another district court. Accordingly, a Magistrate Judge has the authority to order the transfer a case for improper venue. *See, e.g., Gomes v. Mathis*, No. CV 17-7022 SVW (SS), 2019 WL 11720210, at *1 n.2 (C.D. Cal. Aug. 5, 2019) (collecting cases); *Gomes v. Silver State Mortg*., No. C 09-2340 RS, 2009 WL 10674100, at *2 (N.D. Cal. July 28, 2009); *Paoa v. Marati*, No. CIV. 07- 00370JMSLEK, 2007 WL 4563938, at *2 (D. Haw. Dec. 28, 2007). Because this Court finds that venue is improper in this district as discussed above, this Court has the authority to order transfer of this case for improper venue.

## CONCLUSION

Accordingly, for the reasons discussed herein, the Court **ORDERS** that, in the interests of justice and pursuant to 28 U.S.C. § 1406(a), this action be **TRANSFERRED** to the United States

3

1 District Court for the Eastern District of California.

2     The Clerk of Court is directed to close this case.

3     **IT IS SO ORDERED.**

4 Date: March 5, 2025

_____
PETER H. KANG
United States Magistrate Judge