UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| COTTRELL L. BROADNAX,<br><br>        Plaintiff,<br><br>   v.<br><br>STATE CONTROLLER'S OFFICE, et al.,<br><br>        Defendants. | No. 1:25-cv-00285-SAB (PC)<br><br>ORDER DIRECTING CLERK OF COURT TO RANDOMLY ASSIGN A DISTRICT JUDGE TO THIS ACTION<br><br>FINDINGS AND RECOMMENDATION RECOMMENDING DISMISSAL OF ACTION FOR FAILURE TO STATE A COGNIZABLE CLAIM |

Plaintiff is proceeding pro se and in forma pauperis in this action filed pursuant to 42 U.S.C. § 1983.

Plaintiff filed the instant action on February 7, 2025, in the United States District Court for the Northern District of California. (ECF No. 1.) On March 5, 2025, the action was transferred to this Court. (ECF No. 8.) On May 8, 2025, the Court granted Plaintiff's motion to proceed in forma pauperis. (ECF No. 23.)

**I.**

**SCREENING REQUIREMENT**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The

1  Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally
2  "frivolous or malicious," that "fail[] to state a claim on which relief may be granted," or that
3  "seek[] monetary relief against a defendant who is immune from such relief." 28 U.S.C. §
4  1915(e)(2)(B); see also 28 U.S.C. § 1915A(b).

   A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Moreover, Plaintiff must demonstrate that each defendant personally participated in the deprivation of Plaintiff's rights. Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002).

   Prisoners proceeding pro se in civil rights actions are entitled to have their pleadings liberally construed and to have any doubt resolved in their favor. Wilhelm v. Rotman, 680 F.3d 1113, 1121 (9th Cir. 2012) (citations omitted). To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged. Iqbal, 556 U.S. at 678-79; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). The "sheer possibility that a defendant has acted unlawfully" is not sufficient, and "facts that are 'merely consistent with' a defendant's liability" falls short of satisfying the plausibility standard. Iqbal, 556 U.S. at 678; Moss, 572 F.3d at 969.

## II.

## COMPLAINT ALLEGATIONS

The Court accepts Plaintiff's allegations in the complaint as true *only* for the purpose of the screening requirement under 28 U.S.C. § 1915.

The complaint is handwritten and vague, but Plaintiff appears to be challenging the withdrawal of funds from his trust account to pay filing fees for cases that he has filed in the United District Court for the Eastern District of California, as well as withdrawal of funds to pay for postage and mailing fees. (ECF No. 5.)

## III.

## DISCUSSION

### A.   Deductions From Plaintiff's Prison Trust Account

Plaintiff alleges that funds were improperly withdrawn from his prison trust account to pay filing fees for cases, postage and mailing fees.

A prisoner's interest in the funds in his prison trust account is a protected property interest. Shinault v. Hawks, 782 F.3d 1053, 1057 (9th Cir. 2015) (as amended); Quick v. Jones, 754 F.2d 1521, 1523 (9th Cir. 1985). As a result, a state prisoner may not be deprived of funds in his trust account without adequate due process. See Quick, 754 F.2d at 1523. However, the negligent or intentional but unauthorized deprivation of property by a person acting under color of state law does not constitute a violation of the procedural requirements of the Due Process Clause if a meaningful state post-deprivation remedy is available. Hudson v. Palmer, 468 U.S. 517, 533 (1984); Zinermon v. Burch, 494 U.S. 113, 129-32 (1990). Thus, where a state provides adequate post-deprivation remedies for random, unauthorized deprivations of liberty or property, a Section 1983 cause of action will not exist. See King v. Massarweh, 782 F.2d 825, 826 (9th Cir. 1986); see also Willoughby v. Luster, 717 F. Supp. 1439, 1443 (D. Nev. 1989) ("[W]here a state provides adequate post-deprivation remedies for the intentional or negligent deprivation of property, a § 1983 claim alleging a violation of due process of law will not lie."). "[B]y providing the plaintiff with adequate means for seeking redress of his loss, the state has provided 'due process of law.' " Willoughby, 717 F. Supp. at 1443 (citations omitted). The Ninth Circuit has expressly held that California provides an adequate post-deprivation state remedy for the unauthorized taking of property through the California Government Claims Act, thus barring a Section 1983 due process challenge. Barnett v. Centoni, 31 F.3d 813, 816-17 (9th Cir. 1994) (per curiam) (citing Cal. Gov't Code §§ 810-895); see also Stribling v. Wilson, 770 F. App'x 829, 830 (9th Cir. 2019).[1]

---

[1] Further, whether Plaintiff succeeded in redressing his alleged loss through the available state remedies is immaterial. Hupp v. Cty. of San Diego, ED CV 14-576-VAP (SP), 2016 WL 11758807, at *8 (C.D. Cal. Sept. 27, 2016), accepted by 2016 WL 11759108 (C.D. Cal. Nov. 9, 2016). "[I]t is the existence of these alternate remedies that bars him from pursuing a § 1983 procedural due process claim.' " Id. (citation omitted); see also Dennison v. Ryan, 522 F. App'x 414, 417-18 (9th Cir. 2013) (inmate's alleged inability to access grievance procedure regarding

As adequate state law procedures existed to address the alleged loss, Plaintiff cannot state a due process claim against Defendants. See Roberts v. Lynch, No. 2:20-cv-01349 WBS DB P, 2022 WL 196531, at *4 (E.D. Cal. Jan. 21, 2022) (plaintiff failed to state a due process claim based on the allegation that funds were taken from his prison trust account); Jordan v. Diaz, No. No. 5:20-cv-00574-MWF-JC, 2020 WL 5167738, at *9 (C.D. Cal. Apr. 25, 2020) (finding plaintiff failed to state a viable due process claim based on the deduction of a fee from his prison trust account because plaintiff had adequate post-deprivation remedy under California law).

Further, to the extent Plaintiff challenges how his grievances regarding this matter were handled, he cannot state a valid claim under § 1983 either. "[I]nmates lack a separate constitutional entitlement to a specific prison grievance procedure." Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003).  So "when a prison official denies, screens-out, or ignores an inmate's grievance, the prison official does not deprive the inmate of any constitutional right." Malone v. Jones, No. 1:09-cv-01397 JLT (PC), 2010 WL 4394086, at *2 (E.D. Cal. Oct. 29, 2010); see also Evans v. Skolnik, 637 F. App'x 285, 288 (9th Cir. 2015) ("An allegation that a prison official inappropriately denied or failed to adequately respond to a grievance, without more, does not state a claim under § 1983."); Towner v. Knowles, No. CIV S-08-2823 LKK EFB P, 2009 WL 4281999, at *2 (E.D. Cal. Nov. 20, 2009) (no showing that prison officials violated the inmate plaintiff's federal rights by screening out his grievances with no basis).

### C. Leave to Amend Would be Futile

Dismissal of a pro se complaint without leave to amend is proper only if it is "absolutely clear that no amendment can cure the defect." Rosati v. Igbinoso, 791 F.3d 1037, 1039 (9th Cir. 2015) (quoting Akhtar v. Mesa, 698 F.3d 1202, 1212–13 (9th Cir. 2012)); see also Cervantes v. Countrywide Home Loans, Inc., 656 F.3d 1034, 1041 (9th Cir. 2011) ("Although leave to amend should be given freely, a district court may dismiss without leave where a plaintiff's proposed amendments would fail to cure the pleading deficiencies and amendment would be futile."). Because Plaintiff cannot state a claim as a matter of law, it is recommended that this action be

---

property loss did not render post-deprivation remedy inadequate under Hudson); Willoughby, 717 F. Supp. at 1443 ("simply the existence of these alternate remedies forecloses the availability of a § 1983 procedural due process claim").

4

dismissed for failure to state a claim upon which relief may be granted. See 28 U.S.C. § 1915A(b)(1). Therefore, this action should be dismissed without leave to amend.

## IV.

## ORDER AND RECOMMENDATION

Based on the foregoing, it is HEREBY ORDERED that the Clerk of Court shall randomly assign a District Judge to this action.

Further, it is HEREBY RECOMMENDED that the action be dismissed, without leave to amend, for failure to state a cognizable claim for relief.

This Findings and Recommendation will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within **fourteen (14) days** after being served with this Findings and Recommendation, Plaintiff may file written objections with the Court, limited to 15 pages in length, including exhibits. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." Plaintiff is advised that failure to file objections within the specified time may result in the waiver of rights on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:  **July 24, 2025**

STANLEY A. BOONE
United States Magistrate Judge

5